SNELL et al. v. FRANK SNELL SAWMILL CO. et al.

(Circuit Court of Appeals, Fifth Circuit. November 29, 1922.)

No. 3853.

Corporations ☞557(6)—Where no fund for distribution is realized, complainant in suit for receiver and sale of assets not entitled to allowance of counsel fees.

Where, as the result of a suit for a receiver and sale of the assets of a corporation, the assets were sold and bought in, with bonds, by the largest unsecured creditor, and no fund was realized for distribution, complainant is not entitled to an allowance of counsel fees.

Appeal from the District Court of the United States for the Southern District of Georgia; Beverly D. Evans, Judge.

Suit in equity by Frank N. Snell and others against the Frank Snell Sawmill Company and others. From a decree denying allowance of solicitor's fees, complainants appeal. Affirmed.

For opinion below, see 271 Fed. 696.

William M. Toomer, of Jacksonville, Fla., for appellants.

E. K. Wilcox, of Valdosta, Ga., for appellees.

Before WALKER, BRYAN, and KING, Circuit Judges.

BRYAN, Circuit Judge. This is an appeal from a decree denying an application of appellants (complainants below) for an allowance of fees to their solicitor. The opinion of the District Judge is reported in 271 Fed. 696.

It appears from the record that the decree of sale authorized the receipt of the first and second mortgage bonds of the Frank Snell Sawmill Company, all of which were held by the J. C. Turner Lumber Company, in lieu of cash, in the payment of the purchase price; that the purchaser at the sale was the Council Lumber Company, a corporation which was organized for the special purpose of becoming such purchaser, all of whose stock was held by, or on behalf of, the J. C. Turner Lumber Company; and that the payment of the purchase price, except the costs of administration during the receivership, was in fact made by the surrender of bonds as authorized by the decree of sale.

Appellants rely upon the well-settled equitable rule:

"That where one of many parties have a common interest in a trust fund, at his own expense takes proper proceedings to save it from destruction and to restore it to the purposes of the trust, he is entitled to reimbursement, either out of the fund itself, or by proportional contribution from those who accept the benefit of his efforts." Trustees v. Greenough, 105 U. S. 527, 533 (26 L. Ed. 1157).

It is clear that appellants sought to procure a sale of the assets of the Frank Snell Sawmill Company for their own benefit. They were actuated by the belief that net profits, in which they were entitled to share, would be realized from a sale, because of the supposed increase in value of cypress and pine timber growing upon the lands which constituted the principal assets of the Frank Snell Sawmill Company. Appellants were not concerned about the benefits which might accrue to the J. C. Turner Lumber Company. But the sale failed to develop any profits, and the suit therefore failed to bring into court any fund in which appellants had any interest. The contract which appellants had with the J. C. Turner Lumber Company was terminated as a result of the sale. But that result was necessarily contemplated, and the contract was voluntarily surrendered, in order that the sale prayed for in the bill might be made.

The J. C. Turner Lumber Company apparently received no benefit from the sale or as a result of the suit. It owned all the stock, common and preferred, the mortgages and bonds, and was the principal unsecured creditor, of the Frank Snell Sawmill Company. It furnished the bonds with which the purchase price was paid. In short, the naked legal title was conveyed by means of court proceedings from

the Frank Snell Sawmill Company to the Council Lumber Company, both of which corporations were, for all practical purposes, owned by the J. C. Turner Lumber Company. The theory of a benefit conferred breaks down under the facts. No fund was brought into court, and no payment has really been made to the creditor sought to be held liable in this proceeding.

The decree is affirmed.